# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

| | |
|---|---|
| EUGENE DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>KIMBERLY KELLY and<br>RENALD GRONDIN,<br><br>    Defendants. | CV 424-115 |

## ORDER

Before the Court is Plaintiff Eugene Davis's motion to remand.  Dkt. No. 16.  Defendants Kimberly Kelly and Renald Grondin have filed no response to the motion, and the time for doing so has passed.  The motion is thus ripe for review.

### PROCEDURAL BACKGROUND

After allegedly being injured in a motor vehicle accident, Plaintiff initiated this personal injury action on April 18, 2024, in the State Court of Chatham County, Georgia.  Dkt. No. 1-1 at 1.  Pursuant to O.C.G.A. § 40-12-2, Georgia's non-resident motorist statute, Plaintiff served the Georgia Secretary of State on behalf of Defendants Kelly and Grondin.  Dkt. No. 16-1 at 4.  The Georgia Secretary of State acknowledged that copies of legal documents regarding service of process upon Defendants were filed with the Secretary of State on May 8,

2024. Dkt. No. 16-2 (certificate of acknowledgment for Grondin); Dkt. No. 16-3 (certificate of acknowledgment for Kelly). Before service upon the Georgia Secretary of State, Plaintiff sent a copy of the initial pleadings via certified mail to Defendants Kelly and Grondin. Dkt. No. 16-1 at 4. Both Defendants received the copies on May 3, 2024. Dkt. Nos. 16-4, 16-5. Defendants removed the case to this Court on June 7, 2024. Dkt. No. 1.

**DISCUSSION**

Plaintiff moves to remand this case to state court, arguing, in part, that Defendants filed their notice of removal too late. The Court looks to 28 U.S.C. § 1446, which governs the procedure for removal of civil actions. That statute provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

§ 1446(b)(1).

Plaintiff argues the thirty-day period for removal begins to run on the day that a defendant actually receives a copy of the summons and complaint—here, May 3, 2024—not on the day the

2

statutory agent, i.e., the Georgia Secretary of State, was served—here, May 8, 2024. Dkt. No. 16-1 at 5.

Based on the clear language of § 1446(b)(1), Plaintiff is correct. A notice of removal of a civil action "shall be filed within 30 days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading." § 1446(b)(1). Plaintiff has produced U.S. Postal Service receipts and tracking records to show that Defendants received a copy of the initial pleading in this case on May 3, 2024, and Defendants do not dispute this. Their notice of removal, filed June 7, 2024, dkt. no. 1, is therefore untimely. Accord Ward v. Grand Canyon Education, Inc., No. 1:17-cv-1749, 2017 WL 7519169, at *1 (N.D. Ga. Oct. 26, 2017).

An untimely removal is a procedural defect, not a jurisdictional one. See Moore v. N. Am. Sports, Inc., 623 F.3d 1325, 1329 (11th Cir. 2010). Thus, the time limitation for removal may be waived. Loftin v. Rush, 767 F.2d 800, 805 (11th Cir. 1985), abrogated on other grounds by Ariail Drug Co., Inc. v. Recomm Int'l Display, Inc., 122 F.3d 930, 933 (11th Cir. 1997). However, where the plaintiff properly raises the issue of timeliness, the "issue requires the district court to remand the case in most instances." Loftin, 767 F.2d at 805. Here, Plaintiff has not waived his objection to Defendants' untimely removal. Defendants, by filing no response, have provided no

3

argument or authority to show that this case should not be remanded. Indeed, Defendants' lack of response indicates there is no opposition to Plaintiff's motion. S.D. Ga. L.R. 7.5. Accordingly, the Court finds remand is appropriate.

## CONCLUSION

Plaintiff's motion to remand, dkt. no. 16, is **GRANTED**. This case is hereby **REMANDED** to the State Court of Chatham County, Georgia. The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this 19 day of July, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA