# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

```
EUGENE DAVIS,

     Plaintiff,

v.                                        CV 424—115

KIMBERLY KELLY and
RENALD GRONDIN,

     Defendants.
```

### ORDER

Before the Court is Defendants Kimberly Kelly and Renald Grondin's motion for reconsideration of the Court's Order granting Plaintiff's motion to remand. Dkt. No. 23. For the reasons below, Defendants' motion is **GRANTED**, the Court's remand Order, dkt. no. 22, is **VACATED**, and Plaintiff's motion to remand, dkt. no. 16, is **DENIED**.

### PROCEDURAL BACKGROUND

After allegedly being injured in a motor vehicle accident, Plaintiff initiated this personal injury action on April 18, 2024, in the State Court of Chatham County, Georgia. Dkt. No. 1-1 at 1. Pursuant to O.C.G.A. § 40-12-2, Georgia's non-resident motorist statute, Plaintiff served out-of-state Defendants Kelly and Grondin through the Georgia Secretary of State. Dkt. No. 16-1 at 4. The Georgia Secretary of State

acknowledged that copies of legal documents regarding service of process upon Defendants were filed in its office on May 8, 2024. Dkt. No. 16-2 (certificate of acknowledgment for Grondin); Dkt. No. 16-3 (certificate of acknowledgment for Kelly). Before serving the Georgia Secretary of State, Plaintiff sent a copy of the initial pleadings via certified mail to Defendants Kelly and Grondin at their Connecticut address. Dkt. No. 16-1 at 4. Both Defendants received the copies on May 3, 2024. Dkt. Nos. 16-4, 16-5. Defendants removed the case to this Court on June 7, 2024 based on diversity of citizenship. Dkt. No. 1.

On July 2, 2024, Plaintiff moved to remand this case to state court. Dkt. No. 16. Defendants' response to the motion was due on or before July 16, 2024. See S.D. Ga. L.R. 7.5 (requiring each party opposing a motion, except for a motion for summary judgment, to file a response within fourteen days). Defendants filed no timely response, and the Court granted the motion to remand as unopposed on July 19, 2024. Dkt. No. 22; see also S.D. Ga. L.R. 7.5 ("Failure to respond *within the applicable time period* shall indicate that there is no opposition to a motion." (emphasis added)). However, mere hours before the remand Order was docketed on the record, Defendants filed an out-of-time response opposing Plaintiff's motion to remand. Dkt. No. 21. While the Court admonishes Defendants for their untimely response, which notably was unaccompanied by a

2

motion for leave to file out-of-time, the arguments contained in the response are worthy of consideration. Therefore, Defendants' motion for reconsideration of the remand Order, dkt. no. 23, is **GRANTED**, and the remand Order, dkt. no. 22, is **VACATED**. The Court now turns to the merits of Plaintiff's motion to remand. Dkt. No. 16.

## DISCUSSION

In his motion to remand, Plaintiff argues that 1) Defendants' notice of removal was untimely and 2) Defendants failed to file the removal notice with the consent of un-named defendant State Farm Automobile Insurance Company ("State Farm"), Plaintiff's uninsured motorist carrier. Dkt. No. 16-1 at 7.

### I.   Timeliness of Notice of Removal

First, Plaintiff argues this case should be remanded to state court because Defendants filed their notice of removal too late. The Court looks to 28 U.S.C. § 1446, which governs the procedure for removal of civil actions. That statute provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

§ 1446(b)(1).

3

Plaintiff argues the thirty-day period for removal begins to run on the day that a defendant actually receives a copy of the summons and complaint—here, May 3, 2024—not on the day the statutory agent, i.e., the Georgia Secretary of State, was served—here, May 8, 2024. Dkt. No. 16-1 at 5. If Plaintiff is correct, then Defendants' June 7, 2024 notice of removal was filed beyond the thirty-day removal period. Defendants, on the other hand, argue their thirty days began to run, at the earliest, on May 8, 2024, when the Georgia Secretary of State was served. Dkt. No. 21 at 8. If Defendants are correct, their June 7, 2024 notice of removal was timely.

At first blush, the language of § 1446(b) appears to support Plaintiff's position. § 1446(b)(1) ("The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service *or otherwise*, of a copy of the initial pleading[.]" (emphasis added)). The words "or otherwise" imply that service of process is not required to start the thirty-day removal clock.

The U.S. Supreme Court has held, however, that § 1446(b) does not mean exactly what it says. In Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., the Supreme Court addressed the question of "whether service of process is a prerequisite for the running of the 30-day removal period under § 1446(b)." 526 U.S. 344, 349 (1999). The Court held that it is. The Court

4

reversed the Eleventh Circuit Court of Appeals, which relied on the plain meaning of the statute to hold that a defendant's receipt of a faxed copy of the filed initial pleading sufficed to commence the thirty-day removal period. Id. at 344. The Supreme Court held that "mere receipt of the complaint *unattended by any formal service*" does not trigger a named defendant's time to remove. Id. at 347-48 (emphasis added). It reasoned that "[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant," id. at 350, and "it would take a clearer statement than Congress has made" in § 1446(b) "to set removal apart from all other responsive acts, to render removal the sole instance in which one's procedural rights slip away before service of a summons, *i.e.*, before one is subject to any court's authority," id. at 356. In light of the Supreme Court's decision in Murphy, Defendants' "mere receipt" of the summons and complaint via certified mail on May 3, 2024 did not start the removal clock because their receipt was "unattended by any formal service." Id. at 347-48. Because *service* upon Defendants was made through the Georgia Secretary of State on May 8, 2024, Defendants' thirty-day removal period began to run on that date, at the earliest, and their June 7, 2024 notice of removal was timely.

Plaintiff argues, however, that the thirty-day period for removal "begins to run and is established conclusively on the day that the Defendant actually 'received' a copy of the summons and the complaint and not when service is [e]ffected on a statutory agent." Dkt. No. 16-1 at 5 (citing Ward v. Grand Canyon Education, Inc., No. 1:17cv1749, 2017 WL 7519169 (N.D. Ga. Oct. 26, 2017); Renaissance Mktg., Inc. v. Monitronics Int'l, Inc., 606 F. Supp. 2d 201 (D.P.R. 2009); Cox v. Sprung's Transp. & Movers, Ltd., 407 F. Supp. 2d 754 (D.S.C. 2006); Morse, LLC v. United Wis. Life Ins. Co., 356 F. Supp. 2d 1296 (S.D. Fla. 2005); Fernandez v. Hale Trailer Brake & Wheel, 332 F. Supp. 2d 621 (S.D.N.Y. 2004); Calderon v. Pathmark Stores, Inc., 101 F. Supp. 2d 246 (S.D.N.Y. 2000); and Barber v. Willis, 246 F. Supp. 814 (N.D. Ga. 1965)). The procedural facts of the cases Plaintiff cites in support of this argument are distinguishable from those in this case.

The latter six cases Plaintiff cites—Renaissance, Cox, Morse, Fernandez, Calederon, and Barber—held that, where service is effected on a statutory agent, the thirty-day period for removal does not begin to run until the defendant actually receives a copy of the summons and the complaint *from the agent*. In all of those cases, the statutory agent was served *before* the defendants received a copy of the summons and complaint. See Renaissance Mktg., 606 F. Supp. 2d at 205; Cox, 407 F. Supp. 2d

6

at 755-56; Morse, LLC, 356 F. Supp. 2d at 1298; Fernandez, 332 F. Supp. 2d at 624; Calderon, 101 F. Supp. 2d at 247; Barber, 246 F. Supp. at 814. Therefore, in all of these cases, the defendant's receipt of the summons and complaint occurred after formal service upon the statutory agent, which is in compliance with Murphy. The case at bar is distinguishable, because Defendant's receipt of the summons and complaint occurred before the Georgia Secretary of State was served and, thus, was "unattended by any formal service." Murphy, 526 U.S. at 347-48.

The remaining case to which Plaintiff cites is inapposite because 1) it addresses service upon a registered agent rather than a statutory agent like the Georgia Secretary of State and 2) the defendant received a copy of the summons and complaint after its registered agent was served. In Ward, the court remanded the case where a defendant's *registered agent* was served on April 12, 2017, but the notice of removal was not filed until May 15, 2017. 2017 WL 7519169, at *1. The court rejected the defendant's argument that removal was timely because it did not actually receive the summons and complaint from the registered agent until April 14, 2017 and concluded that the defendant's removal clock began when its registered agent was served. Id. This case is not helpful to Plaintiff because, first, "the law treats *statutory agents* and hand-picked *registered agents* differently when it comes to deciding when the

7

removal clock starts to run." Id. at *2 (emphasis added) (citing with approval Cox, 407 F. Supp. 2d at 756, which held that service on a statutory agent "does not start the running of the removal statute time limitation period as would service on the defendant or an agent designated by defendant"). Second, in Mock, formal service upon the defendant via its registered agent started the thirty-day period for removal, not the defendant's mere receipt of a summons and complaint, as Plaintiff proposes.

At bottom, none of the cases to which Plaintiff cites supports his argument that the removal clock begins to run on the day that a defendant actually receives a copy of the summons and the complaint when such receipt is unaccompanied by formal service. Because *service* upon Defendants was made through the Georgia Secretary of State on May 8, 2024, Defendants' thirty-day removal period began to run on that date, at the earliest, and their June 7, 2024 notice of removal was timely. Accordingly, Plaintiff's motion to remand on the ground that the notice of removal was untimely is **DENIED**.

**II.  State Farm's Consent to Removal**

Plaintiff's final argument in favor of remand is that Defendants Kelly and Grondin filed their notice of removal without the consent of State Farm. Dkt. No. 16-1 at 7. Because State Farm was not a defendant at the time of removal, this argument fails.

8

In the complaint filed in state court, Plaintiff named as defendants only Kelly and Grondin. Dkt. No. 1-1 at 1. However, because he allegedly sustained injuries in a motor vehicle accident, Plaintiff served his putative uninsured motorist liability insurance carrier, State Farm. Dkt. No. 16-6 at 1. "O.C.G.A. § 33-7-11(d) provides that a personal injury plaintiff must serve his uninsured motorist provider 'as though the insurance company were actually named as a party defendant.'" State Farm Fire & Cas. Ins. Co. v. Terry, 495 S.E.2d 66, 70 (Ga. Ct. App. 1997), aff'd, 504 S.E.2d 194 (Ga. 1998). "Once served, O.C.G.A. § 33-7-11 affords the uninsured motorist provider the right to file defensive pleadings and take other necessary actions. In fact, Georgia law provides that the uninsured motorist provider can answer in its own name, become a party to the litigation, and contest issues of liability, damages and coverage." Id. (citing § 33-7-11(d); Langford v. Royal Indem. Co., 430 S.E.2d 98 (Ga. Ct. App. 1993)). "[T]his opportunity to contest liability and damages may be waived by the uninsured motorist provider." Id. (citing Continental Ins. Co. v. Echols, 243 S.E.2d 88 (Ga. Ct. App. 1978)); see also § 33-7-11(d) (providing that the uninsured motorist liability insurance carrier "shall have the right to file pleadings and take other action allowable by law in the name of either the known owner or operator or both or itself"). In other words, State Farm, as

9

Plaintiff's uninsured motorist liability insurance carrier, could elect to file an answer in its own name, file an answer in the name of the uninsured motorist(s), or waive the opportunity to contest liability and damages. The uninsured motorist provider's election implicates its status as a party to the action.

An uninsured motorist provider's "status is determined by the nature of its filing election before the trial court." Langford, 430 S.E.2d at 101. "By electing to participate directly in this suit by filing an answer in its own name, rather than in the name of John Doe (or, where appropriate, in the name of the uninsured motorist), . . . the uninsured motorist carrier[] assume[s] the status of a named party as a matter of law." Id. (citing Moss v. Cincinnati Ins. Co., 268 S.E.2d 676, 679-80 (Ga. Ct. App. 1980)).

State Farm filed its answer on June 28, 2024. Therefore, State Farm did not become a party defendant in this case until June 28, 2024, after the notice of removal was filed on June 7, 2024.[1]  See Langford, 430 S.E.2d at 101. "The unanimity rule

---

[1] Under Georgia law, State Farm's answer—should it elect to file one—was not yet due on June 7, 2024, the date of removal. Though Plaintiff served State Farm on May 3, 2024, he did not file proof of service upon State Farm within five business days of the service date, as required by O.C.G.A. § 9-11-4(h). Under these circumstances, "the time for the party served to answer the process shall not begin to run until such proof of service is filed." § 9-11-4(h). Plaintiff filed proof of service upon State Farm on June 3, 2024. Dkt. No. 1-1 at 32. Therefore,

10

requires that all *defendants* consent to and join a notice of removal in order for it to be effective." Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1207 (11th Cir. 2008) (emphasis added).  Because State Farm was not a defendant in this action at the time of removal, its consent to removal was not required.  Therefore, Plaintiff's motion to remand on this ground is **DENIED**.

## CONCLUSION

Defendants' motion for reconsideration, dkt. no. 23, is **GRANTED**, the Court's Order granting Plaintiff's motion to remand, dkt. no. 22, is **VACATED**, and Plaintiff's motion to remand, dkt. no. 16, is **DENIED**.

**SO ORDERED**, this 9th day of August, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

State Farm's answer was not yet due when Defendants Kelly and Grondin removed the case on June 7, 2024. See O.C.G.A. § 9-11-12(a).  Regardless, Plaintiff does not argue that State Farm's answer was untimely and, at this point, has waived any such argument.

11